David M. Siegal
212 692 6281
dmsiegal@mintz.com
mintz.com

Chrysler Center
666 Third Avenue
New York, NY  10017
212 935 3000
212 983 3115 fax



November 12, 2018

**VIA ECF AND FEDEX**
Hon. Sandra J. Feuerstein
United States District Judge
100 Federal Plaza
Central Islip, NY 11722-9014

    Re:    *United States v. John Drago*, Case CR-18-394-SJF-AYS

Dear Judge Feuerstein:

    We write in connection with the pre-trial briefing schedule in the above-referenced matter and to request a two (2) week extension of the defendant's time to file his motion papers.

    At the September 25, 2018 pretrial conference before Your Honor, the parties jointly proposed a briefing schedule, approved by Your Honor, that Mr. Drago would submit his pre-trial motions on or before November 16, 2018, with the Government's opposition to be submitted on or before December 7, 2018, and Mr. Drago's reply to be submitted on or before December 17, 2018.  With the Government's consent, we respectfully request the extension to that schedule because certain items of Rule 16 discovery that are relevant to the defense motions have either just now been made available or have not yet been provided but are anticipated to be received shortly.

    Among these items is the application paperwork for a search warrant for the defendant's cell phone seized upon his August 1 arrest.  We had previously made several requests for that paperwork, but had been informed by the Government that it was not certain it would make that affidavit available in discovery because it was not clear it would be able to execute the warrant for the phone.  Last week, at about 4:00 p.m. on Thursday, November 8, 2018 – one (1) week prior to our motion due date, the Government stated in a letter to the defense that the application for the search warrant for Mr. Drago's cell phone "has been ordered unsealed and should be available through the Court Clerk as a public record."  However, since receiving that letter, we have diligently attempted to obtain a copy of that paperwork, but have been unable, and it has not been provided to the defense by the Government.  Indeed, on Friday, November 9, 2018, the court clerk informed our firm that the application was not yet available, and due to the court's closure today in observance of Veterans Day, likely would not be available until sometime on Tuesday at the earliest.  This paperwork will, we believe, be relevant to several of the points in our planned motions, including our motion to suppress seized evidence and for other associated relief.

    In addition, per the Court's suggestion on the record on September 25, rather than making, in the first instance, a motion for a bill of particulars, we have asked AUSA Burton Ryan if he would be willing to provide one voluntarily.  AUSA Ryan has informed counsel that he is planning to provide certain additional particulars, but the defense has yet to receive it.  In the event that the Government decides that it will not provide this information, the defense will need to include a motion for a bill of particulars.  In the event he does, then the defense will need to decide whether what has been provided suffices as adequate notice of the crimes charged, and if not, frame its motion in light of what has been provided by the Government.

    Finally, on August 23, 2018, we visited the Government's offices and reviewed the hard-copy documents seized by the Government in 2013.  At that time, we requested copies of portions of that material.  The volume of material requested was admittedly large, but until this morning, we had received nothing.  This morning a disc containing thousands of pages of scanned material arrived, and we are just now beginning the process of loading and reviewing that material.



Accordingly, we respectfully request that the Defendant's November 16, 2018 deadline for filing his motions be extended to November 30, 2018, and that the rest of the briefing schedule be moved accordingly as well.  AUSA Ryan has informed me that the Government has no objection to our request for an extension of our motion deadline.

Respectfully,

David M. Siegal