FILED
CLERK
10:54 am, Jul 15, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                        ORDER
                                                        18-CR-0394 (SJF)(AYS)

              - against-

JOHN DRAGO,

                      Defendant.
----------------------------------------------------------------X
```

FEUERSTEIN, District Judge:

Defendant John Drago ("Defendant") has filed an omnibus motion seeking to, *inter alia,* dismiss the indictment and suppress evidence. *See* Motion, Docket Entry ("DE") [24].[1] The Court referred the motion to Magistrate Judge Anne Y. Shields "to conduct, hearings, to the extent necessary, and to submit proposed findings of fact and recommendations." Elec. Order of 5/28/19. On June 25, 2019, Magistrate Judge Shields issued a Report and Recommendation (the "Report") containing recommendations on some of the referred issues. *See* Report, DE [57]. Specifically, Magistrate Judge Shields recommended: (1) that the motion to dismiss on the ground of preindictment delay be denied without a hearing and without prejudice to renewal; (2) that the motion to suppress premised on the argument that an agent allegedly made false statements to the Magistrate Judge who signed the 2013 warrant be denied without the necessity for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978); and (3) that there be a finding that the 2013 warrant violated the particularity clause of the Fourth Amendment and was thus facially invalid. As to the third recommendation, Magistrate Judge Shields found, "and the parties appear to agree," that the 2013 warrant violated the Fourth Amendment, *see* Report at 20, but did not recommend that the motion to suppress be granted on that basis. Instead, she scheduled a hearing to address

---

[1] Defendant's motion seeks various additional relief on other grounds. The referral and the current rulings only pertain to his request to dismiss the indictment for preindictment delay and to suppress evidence.

whether the agents executed the warrant in good faith. In addition, Magistrate Judge Shields found that, to the extent Defendant's motion also sought to suppress evidence seized pursuant to a 2018 warrant, representations made by the parties at an appearance before her on June 11, 2019 led to the conclusion that "any motion with respect to the 2018 warrant issued for search of a cell phone is moot." Report at n.3.

In addition to the recommendations, the Report further advised (a) that "[a]ny written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report;" and (b) that "[f]ailure to file objections within fourteen (14) days will preclude further review of this report either by the District Court or Court of Appeals." Report at 24 (citing *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *Caidor v. Onondaga Cty.,* 517 F.3d 601, 604 (2d Cir. 2008)). A copy of the Report was served upon counsel for all parties via ECF on June 25, 2019. Despite such service, no objections have been filed, nor did any party seek an extension to do so. For the reasons set forth below, Magistrate Judge Shields' Report is adopted in its entirety.

## I. DISCUSSION

### A. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas,* 474 U.S. at 150. Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to

a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27. To accept the magistrate's report and recommendation absent a timely objection, the court need only be satisfied that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**B. Review of the Report**

No party has filed objections to the Report within the time prescribed in 28 U.S.C. §636(b)(1)(C), nor has any party sought an extension of the deadline. As the parties were provided with adequate notice of the Report and an express warning of the consequences of a failure to timely file objections, their failure to interpose timely objections operates as a waiver of further judicial review of the Report. *See Caidor,* 517 F.3d at 602-03; *Mario,* 313 F.3d at 766.

Thus, this Court is not obligated to conduct a *de novo* review of the findings and conclusions in the Report, but rather "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-CV-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013). After a careful review of the Report, the Court finds no plain error in either the reasoning or the conclusions reached therein, and accordingly, adopts it in its entirety.

## II. CONCLUSION

Defendant's motion [24] is resolved, in part, as follows:

- the motion to dismiss on the ground of preindictment delay is denied without prejudice to renewal;
- the motion to suppress based on alleged misrepresentations made to the Magistrate Judge who signed the 2013 warrant is denied, as is the request for a *Franks* hearing on that issue;
- the 2013 warrant violated the particularity clause of the Fourth Amendment and was thus facially invalid; however, the motion to suppress evidence seized pursuant to this warrant remains undecided pending further report and recommendation; and
- the motion to suppress evidence seized pursuant to the 2018 warrant is denied as moot.

Decision is reserved as to the remainder of the motion.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: July 15, 2019
Central Islip, New York