David M. Siegal
212 692 6281
dmsiegal@mintz.com
mintz.com



Chrysler Center
666 Third Avenue
New York, NY 10017
212 935 3000
212 983 3115 fax

September 23, 2019

**VIA ECF**

Hon. Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

    Re:    <u>*United States v. John Drago*, **CR-18-394-SJF-AYS**</u>

Dear Judge Feuerstein:

    We respectfully submit this letter in response to the Government's letter of Friday, September 20, 2019, to raise several points in advance of Monday's pretrial conference.

(1) Since it is now clear that the Government violated John Drago's constitutional rights to be free from unreasonable search and seizure not once, but *twice*,[1] and further, that no basis exists for avoiding suppression of the evidence seized by the unconstitutional 2013 Kayla warrant, we request the Court now approve Judge Shields' September 10, 2019 Report and Recommendation, and formally order the evidence suppressed.

(2) In its letter, the Government has asserted that, notwithstanding the suppression of the evidence, it intends to proceed with prosecuting John. According to the Government, it will now – more than *one year after* seeking the indictment, more than *six years after* the execution of the search, and almost *eight years* from beginning its investigation into John's business – ask the grand jury to issue yet another charge against John, by way of an ostensible superseding indictment, and to expand on the description and scope of the conduct charged in the current indictment. The notion that the Government will now, at this late date, seek to add new charges and additional detail, but only in reaction to being embarrassed by having lost the suppression motion, smacks of impropriety and desperation on the Government's part.

(3) Even assuming a case against John could still somehow proceed, the Government will bear "the burden of affirmatively proving that any evidence" it intends to use against John to support those charges "was derived from legitimate *independent* sources." That is, the

---

[1] Your Honor will recall that in his original omnibus motion, John also moved to suppress the fruits of a *2018* search warrant the Government obtained to search his cellphone (seized when he was arrested in August 2018 – *five years after* the charged conduct). As John demonstrated, that warrant was so patently unconstitutional that the Government chose not to oppose the motion, and returned John's phone to him (albeit months after seizing it).



Government may not rely on evidence obtained as a direct or indirect result of the illegal search of Kayla. *See, e.g.*, *United States v. Conti*, 864 F.3d 63 (2d Cir. 2017) (quoting *Kastigar v. United States*, 406 U.S. 441 (1972)). That burden is "not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of" the improperly seized evidence. *Conti*, 864 F.3d at 91.

(4) For this reason (among others), John objects to the Government's proposed *destruction* of any evidence at all at this point, including but not limited to electronic data seized pursuant to the 2013 search warrant that the Government in its letter proposes to destroy by September 30. Among other things, that electronic evidence may contain information relevant to any *Kastigar*-related issues that may yet need to be litigated, and it may be relevant to other motions yet to be filed in this case or other cases yet to be filed.

Further, it appears as though, in the process of making those data images in 2013, the Government's computer evidence team rendered one or more of the original hard drives inoperable (including personal and family-related photograph files that have sentimental value that no amount of money could replace), so we may be seeking the return and/or handover of that electronic evidence to John. Accordingly, we respectfully request that the Court deny the Government's request for permission to destroy evidence, and further, that it order the Government to refrain from destroying any evidence pending the Court's consideration of John's objections to the Government's proposal.

(5) To the extent the Government is seeking to impose a new charge on John, or expand the conduct at issue under the pending charges, the Court should be highly skeptical of such an attempt. A review of the affidavit in support of the search warrant demonstrates that *all the evidence* of any alleged wrongdoing was gathered *more than five years prior to the indictment* in this case – that is, before August 2013. It is difficult to imagine how the Government could possibly maintain the charges in the existing indictment (even with the factual embellishment they suggest), given that the *only* evidence it appeared to have of *any* actions by anyone within the five years before the return of the indictment was the now-suppressed search fruits.

The Government asserts in its letter, without explanation, that it believes it can sustain at least some of the currently pending charges with untainted evidence. We request that the Court require that Government counsel explain, on the record at tomorrow's conference, how they have sufficient evidence to support the pending charges. If the Government cannot satisfactorily represent that it can prove the charges in the indictment, the Court should order dismissal of the charges (or at least any charges about which the Government cannot make such a representation).

(6) The Government appears to assert that it has some evidence relating to the crimes *currently pending* that it intends to produce now (or sometime soon), but *only* if it obtains a superseder,



and even then, only after *at least 30 more days have passed*. We do not understand how any such evidence was not produced last year, or how, at the very least, it should not be produced *immediately*.

(7) The failure of the Government previously to produce evidence it now suggests exists in its possession – that purportedly relates *to the currently pending charges* – suggests the Government is engaged in gamesmanship, potentially in violation of Rule 16. We plan to seek an inquiry by the Court as to whether the Government has intentionally withheld materials it was legally obligated to provide *a year ago* for what appears to be a strategic advantage.

(8) For related reasons, we object not only to the Government's aggressively extended proposed time frames for discovery production, but also to its proposed extended motion practice schedule. Assuming the Court permits the Government to proceed on its stated course, once the Government has made its production, and we have had a chance to review it, we would be prepared to propose a schedule that more appropriately takes into account the damage that the continued pendency of this case is having on John's life and business (of which the Government is well aware, given that John has repeatedly tried to move this case along despite the Government's best efforts to delay it. *See, e.g.*, Government's July 25, 2019 letter proposing a post-suppression hearing briefing schedule running through October 7, 2019). The Government's proposed timeline is a transparent attempt to unjustifiably further delay this case.

In sum, at this point in the case, one could reasonably ask whether the Government's stubborn pursuit of this case is a persecution rather than a prosecution.

Respectfully,

David M. Siegal

cc: AUSA Burton Ryan
AUSA Bradley King