

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALB:BTR/BTK
F. #2012R01500

*610 Federal Plaza*
*Central Islip, New York 11722*

November 27, 2019

By ECF and E-mail

The Honorable Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
1014 Federal Plaza
Central Islip, New York 11722

Re: United States v. John Drago,
18-CR-394 (S-1) (SJF)

Dear Judge Feuerstein:

The government respectfully submits this letter in support of its request that the Court adhere to its original ruling and continue to designate the above-captioned case as "complex," for speedy trial purposes, pursuant to Title 18, United States Code, Section 3161(h)(7)(A) and 3161(h)(B)(ii). As explained further below, this financial crimes prosecution is properly complex under the statute because it involves an extensive number of financial transactions, involving numerous witnesses that were conducted at the Kayla Check Cashing Company ("Kayla") under the defendant's direction during an approximately six-year period.

Contrary to the defendant's contention, the suppression of records obtained pursuant to search warrant that was executed at Kayla in August 2013 (the "Search Warrant") does nothing to diminish this case's complexity, which only expanded with the grand jury's issuance of the Superseding Indictment. Because the Superseding Indictment extended the time-span of the defendant's criminal conduct from 2010-2013 to 2010-2016, it more than doubled the amount of Currency Transactions Reports ("CTRs") that the defendant must examine to adequately prepare for trial from 7,362 to over 14,770. These CTRs are not the product of the Search Warrant, they were filed by Kayla, at the defendant's direction, independent of that warrant and were available to the government because they constituted Department of Treasury records that were in the government's possession before, during and after the Search Warrant's execution.

In addition to an exponential increase in the relevant CTRs, the Superseding Indictment contains new allegations of criminality against the defendant, involving his improper cashing of doubly-endorsed fraudulent checks. These new allegations, which resulted in additional discovery that served upon prior counsel, must now be examined and evaluated by newly-retained counsel who was only formally substituted into this case yesterday. Thus, new counsel must not only review Drago's practices in filing tens-of-thousands of CTRs, but must now also examine the Superseding Indictment's extended approximately six-year period for improperly cashed double endorsed checks. Because the double-endorsed checks were not obtained pursuant to the Search Warrant, these new allegations are, like the increased number of CTRs, not at all affected by the suppression of evidence obtained pursuant to the Search Warrant. See United States v. Gambino, 59 F.3d 353, 357 (2d. Cir. 1995) (granting complexity and speedy trial waived to grant counsel further time to prepare in order to ensure a fair trial).

Further demonstrating the complexity of this case is the number of witnesses whom the government expects to testify about their fraudulent dealings with the defendant. As evidenced by a representative sample of redacted affidavits, which are attached hereto as Exhibit 1, these witnesses will testify to thousands of transactions involving more than $10 million. As Courts have repeatedly held, a finding of complexity is proper when there is extensive evidence to be reviewed and there are many potential witnesses. See Gambino, 59 F.3d. 353, 358; see also United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197 (2d. Cir. 1989); see also United States v. Stoddard, 74 F.Supp.3d 332, 340 (D.D.C. 2014). Because that is precisely the situation confronting the Court here, the Court should adhere to its previous ruling and conclude—once again—that this case is complex and that the ordinary speedy trial limits do not apply to it.

Conclusion

For the reasons stated above, the Court should adhere to its prior ruling and continue to classify the above-captioned case as complex pursuant to Title 18, United States Code, Sections 3161(h)(7)(A) and 3161(h)(B)(ii). .

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/
Burton T. Ryan, Jr.
Bradley T. King
Assistant U.S. Attorneys
(631) 715-7900

Enclosure: Redacted Affidavits.

cc: Anthony Capozzollo, Esq. (by E-mail and ECF)