FILED
CLERK
2:36 pm, Jul 15, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiffs,

    -against-

JOHN DRAGO,

                Defendant.

----------------------------------------------------------------X

**ORDER**
18-CR-394 (GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

    Before the Court are objections by defendant John Drago to the May 6, 2021 Report & Recommendation of Magistrate Judge Shields concerning the potential suppression of approximately 300 documents (the "contested documents") based upon the illegal search of the Kayla Companies' business location. Familiarity with the prior orders in this matter is assumed.

    The Report & Recommendation describes the contested documents as "approximately 300 documents" raising a matter of some concern. Docket Entry ("DE") 154 at 2. Apparently, at an independent source hearing held before Magistrate Judge Shields on October 20, 2020 , counsel introduced a color-coded list of documents as Exhibit A. The "original" of that document was provided to Magistrate Judge Shields as a courtesy copy, but the parties failed to file it on ECF or otherwise preserve it. That courtesy copy is annexed hereto and will be filed on ECF with this opinion. In fact, subsequent to the hearing, both sides submitted variants of Exhibit A – the

Government adding several documents[1] and the defendant modifying some of the color coding to indicate at least one more document was subject to challenge.[2]  Given the troubled history of this case, such imprecision is particularly inappropriate.  The efforts by both sides to unilaterally alter the subject of the hearing are rejected, and the universe of documents considered herein is limited to the version of Exhibit A annexed hereto.  Counsel are hereby cautioned that greater precision will be expected of them going forward, and they will be expected to work cooperatively to ensure that a proper record of these proceedings is created and maintained.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations as to dispositive motions, the district court must apply a *de novo* standard of review to the portions of the Report and Recommendation to which the objection is made.  Fed. R. Civ. P. 72(b); *see LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *see also* 28 U.S.C. § 636(b)(1).  However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Caldarola v. Town of Smithtown*, No. 09-cv-272, 2011 U.S. Dist. LEXIS 37280, at *1 (E.D.N.Y. Apr. 4, 2011) (citations omitted).  Because Plaintiff's objections consist of general conclusory arguments and issues that were presented to Judge Shields, the undersigned reviews the Report and Recommendation for clear error.

---

[1] *See* DE 141-2, p. 7 n.2 (government submitting "'slightly modified' exhibit list"); p. 14 n.3 (rationale for unilateral addition of exhibits 315-16); p. 27 (justification for adding exhibit 314).  For avoidance of doubt, the Government may not introduce these exhibits at trial.

[2] *See* DE 131, p. 15 n.9 (defendant submitting "modified" list – *without indicating in what manner it has been modified.*

Here, the documents at issue, by and large, consist of documents maintained by Government agencies and other public entities and financial institutions. The testimony at the hearing established that the Government had put mechanisms in place that would have uncovered these documents, and that its investigation had or would have resulted in the discovery of virtually all of the subject documents. The objections raised by defendant miss the mark.[3] Defendant's principal objection revolves around the testifying case agent, who lacked knowledge of the search and the review of materials obtained therefrom (and in one instance, somewhat troublingly, led to some erroneous testimony about those processes). However, since the purpose of this agent's testimony was to explicate the investigative practices that had or would have been executed notwithstanding the search, the objection proves irrelevant. Moreover, Judge Shields carefully evaluated the witness's credibility, and her thorough analysis demonstrates that the factual record supports the application of all three exceptions to the exclusionary rule to the contested documents. *See Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016).

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has carefully reviewed and considered the careful and comprehensive determinations set forth in the Report and Recommendation and finds Judge Shields' Report and Recommendation to be thorough, well-reasoned and free from clear error. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *Piroleau v. Caserta*, No. 10-CV-5670 (SJF), 2012 WL 5389931, at *1 (E.D.N.Y. Oct. 29, 2012); *see also Killoran v. Westhampton Beach School Dist.*, No. 18-CV-3389 (DRH), 2020 WL 1433647 (E.D.N.Y. Mar. 11, 2020). Accordingly, the Court adopts the Report and Recommendation, dated May 6, 2021, DE 154, of Magistrate Judge Shields in its entirety and defendant's objections are overruled.

---

[3] Some of defendant's objections border upon frivolity. See, e.g., DE 161 at 14 (arguing that defendant, who proffered and made numerous admissions, had "no understanding of what his business had allegedly done wrong.").

Finally, the Court notes that, notwithstanding its designation as a complex case, this matter has been pending for a long time.  **The status conference, presently scheduled for September 9, 2021, is hereby ADVANCED TO AN IN-PERSON CONFERENCE scheduled for July 20, 2021 at 11:00 a.m. in Courtroom 940 of the Central Islip Federal Courthouse.**  At that conference, the parties should be prepared to identify and discuss any remaining issues that require resolution prior to trial, and the parties should expect jury selection to begin shortly thereafter.

**SO ORDERED.**

Dated: Central Islip, New York
       July 14, 2021

                                            /s/ Gary R. Brown
                                            GARY R. BROWN
                                            United States District Judge