# Exhibit A



**Arthur D. Middlemiss**
212 822 0129
arthur.middlemiss@lbkmlaw.com

October 7, 2022

**VIA E-MAIL AND FEDERAL EXPRESS**
Mr. Bradley T. King
Assistant United States Attorney
United States Attorney's Office for the Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722

**Re:   *U.S. v. John Drago*, No. 2:18-cr-00394-GRB-AYS-1 (EDNY)**

Dear AUSA King:

As you know, we represent John Drago, the defendant in the above-captioned matter.

When Mr. Drago executed the written plea agreement in the above-captioned matter, he consented to the entry of a forfeiture money judgment in the amount of $253,191.00 (the "Forfeiture Money Judgment") to be paid in full thirty (30) days in advance of sentencing (the "Due Date"). Mr. Drago anticipated that he would be able to comply with the Forfeiture Money Judgment prior to the Due Date through the proceeds of the sale of a property owned by him located at 10 Muffins Meadow Road, St. James, New York 11780 (the "Property").

As we have discussed, Mr. Drago has marketed the Property in good faith but a completed sale was not consummated prior to the Due Date, and it is apparent that a completed sale will not take place prior to the date scheduled for sentencing, i.e., October 21, 2022.

By his signature below, Mr. Drago agrees to use the Property sale proceeds to satisfy the Forfeiture Money Judgment. He will continue to make reasonable efforts to sell the Property for a commercially reasonable sum and, upon entering a contract for sale, he will inform you or your designee the Office of the date, time, and location of the closing meeting. Further, at the closing meeting, Mr. Drago will cause payment to be made from the closing proceeds to satisfy the Forfeiture Money Judgment by money order, certified check and/or official bank check to be delivered by hand to you or your designee at the closing meeting.

Mr. Drago believes that the sale of the Property will generate net sale proceeds sufficient to satisfy the Forfeiture Money Judgment. However, if this is not the case, Mr. Drago understands that the plea agreement remains in effect, that he has consented to the forfeiture of any other property up to the amount of the unpaid Forfeiture Money Judgement, pursuant to 21 U.S.C. § 853(p), and further that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.



October 7, 2022
Page 2

Mr. Drago intends to provide the sentencing Court a copy of this letter. He understands that the Government will not make a specific sentencing recommendation based upon issues related to the payment of the forfeiture amount specified in the plea agreement.

Please let me know if you have any questions or concerns.

Regards,

Arthur D. Middlemiss

Mr. John Drago